**Juan A. SANTIAGO–GONZALEZ**
**Plaintiff**

v.

**PANTROPIC POWER PRODUCTS,**
**INC., Insurance Company ABC**
**Defendants**

**No. CIV. 03–2197CCC.**

United States District Court,
D. Puerto Rico.

Sept. 29, 2004.

Jane Becker–Whitaker, for Plaintiff.

James A. Toro, for Defendants.

## OPINION AND ORDER

CEREZO, District Judge.

This is a diversity action sounding in breach of contract and tort in which plaintiff, Juan A. Santiago–González (Santiago), alleges that defendant, Pantropic Power Products, Inc. (Pantropic), performed a deficient replacement of his boat's engines causing him damages. Before the Court now is the Motion to Dismiss for Lack of Personal Jurisdiction and to Dismiss and/or Transfer for Forum Non Conveniens, 28 U.S.C. § 1404(a) filed by defendant Pantropic (docket entry 6), plaintiff's oppositions (docket entries 8 & 9) and Pantropic's tendered reply, which is ORDERED FILED.[1]

Pantropic asserts that personal jurisdiction is lacking, and the action must be dismissed, because it does not have the constitutionally required minimum contacts with Puerto Rico that would make it amenable to be sued here. It also claims that under the doctrine of *forum non conveniens*, the case should be transferred to the Southern District of Florida. Plaintiff avers that in light of Pantropic's actions, it could reasonably expect to be hauled into litigation in this forum.

We start by reciting the relevant facts, which as we are ruling on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing are

1. Accordingly, Pantropic's Motion Seeking Leave to Reply to Plaintiff's Opposition to Motion to Dismiss (docket entry 12) and the Motion Seeking Leave to Tender Its Reply to Plaintiff's Opposition to Motion to Dismiss (docket entry 13) are GRANTED.

determined under the "prima facie" standard. *See United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 987 F.2d 39, 43 (1st Cir.1993). "Under this standard, it is plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution." *Id.*, at 44 (internal quotation marks omitted). "The prima facie showing must be based upon evidence of specific facts set forth in the record." *Id.* To meet this requirement, the plaintiff must "go beyond the pleadings and make affirmative proof." *Id.* (internal quotation marks omitted). "We then add to the mix facts put forward by the defendants, to the extent that they are uncontradicted." *Mass. School of Law at Andover v. American Bar*, 142 F.3d 26, 34 (1st Cir.1998).

In May 2003, Santiago, a resident of Puerto Rico, contacted Pantropic, a company with offices in the State of Florida, to inquire about the cost of replacing the engines of his boat. At the time of his request, Santiago's boat was located in Florida. During that same month, Pantropic forwarded, first its estimate, and later a contract to Santiago in Puerto Rico, which he signed and returned to Florida. Santiago also sent his payment to Pantropic from Puerto Rico to cover the cost of the engines' replacement. Pantropic performed all its work on Santiago's boat at its West Palm Beach location in Florida. Pantropic, whose principal place of business is in Miami, does not have an office or place of business in Puerto Rico, has never been licensed to do business in Puerto Rico, has never had an agent for the service of process in Puerto Rico, and has never performed engine installations in Puerto Rico.

 A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction. "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir.1992). "Specific personal jurisdiction may be asserted where the cause of action arises directly out of, or relates to, the defendant's forum based contacts." *Id.*, at 1088–89. This is clearly a case in which plaintiff claims the existence of specific jurisdiction, as its litigation is directly based on defendant's alleged forum-based activities.

 The existence of specific personal jurisdiction depends, in turn, upon the plaintiff's ability to satisfy two cornerstone conditions: "first, that the forum in which the federal district court sits has a long-arm statute that purports to grant jurisdiction over the defendant; and second, that the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution." *Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir.1994). The second cornerstone condition "implicates three distinct components, namely, relatedness, purposeful availment (sometimes called 'minimum contacts'), and reasonableness." *Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 144 (1st Cir.1995). Relatedness is satisfied if the claim underlying the litigation directly arises out of, or relate to, the defendant's forum state activities. *Barrett v. Lombardi*, 239 F.3d 23, 26 (1st Cir.2001). The second component requires those in-state contacts to represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. *Id.* Reasonableness is determined by applying what the Court of Appeals has called Gestalt factors. *Id.* These factors, five in all, are: the plaintiff's inter-

est in obtaining convenient and effective relief; the burden imposed upon the defendant by requiring it to appear, the forum's adjudicatory interest, the interstate judicial system's interest in the place of adjudication, and the common interest of all affected sovereigns, state and federal, in promoting substantive social policies. *Donatelli v. National Hockey League*, 893 F.2d 459, 465 (1st Cir.1990). *See also Burger King v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Given all the considerations that must be factored into the jurisdictional analysis, it has been observed that "[d]etermining personal jurisdiction has always been more an art than a science." *Donatelli*, 893 F.2d at 468, n. 7.

▆▆ We need not belabor on an extended discussion of all these factors in relation to this case, however, since we are convinced that the decisive due process issue here is whether the defendant's activities satisfy the purposeful availment requirement. As explained by the Supreme Court in *Burger King*, said requirement was adopted to ensure "that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, at 475, 105 S.Ct. 2174 (citations omitted). "The cornerstones upon which the concept of purposeful availment rest[s] are voluntariness and foreseeability." *Daynard v. Ness, Motley, Loadholt, Etc.*, 290 F.3d 42, 61 (1st Cir.2002),

▆▆ In the instant action, it appears evident that the contacts of Pantropic with Puerto Rico, *i.e.* its mailing to the Island of the estimate requested by Santiago; its subsequent mailing of a contract, also requested by Santiago when he agreed with the estimate made by Pantropic relating to the work to be performed to his boat while in Florida; and its subsequent receipt of Santiago's check from the Island, all resulted from the unilateral activity taken by Santiago when he opted to repair his boat in Florida. There is no evidence indicating that Pantropic initially reached into this forum and contacted Santiago, nor anybody else, in Puerto Rico seeking their business. Nor does the evidence establish that there were extensive negotiations between the parties on their contract, or that it contemplated future services by Pantropic to Santiago's boat in Puerto Rico.[2] "Without evidence that the defendant actually reached out to the plaintiff's state of residence to *create* a relationship—say, by solicitation, the mere fact that the defendant willingly entered into a tendered relationship does not carry the day." *Phillips Exeter Academy v. Howard Phillips Fund*, 196 F.3d 284, 292 (1st Cir.1999)(emphasis in original).

▆▆ In sum, we believe that the limited instances of contact by Pantropic with Puerto Rico, all prompted by Santiago, are insufficient to establish the "purposeful availment" required by the case law in order to allow the exercise of personal jurisdiction over it in compliance with the requirements of Due Process. Simply put, they were neither voluntary—not based on the unilateral actions of another party or a third person, nor foreseeable—such that it should had reasonably anticipated being haled into court here. Accordingly, Pantropic's Motion to Dismiss for Lack of

2. While we note in this regard Santiago's claim that it considered an extended warranty offered by Pantropic under which service "would *likely* have to be performed in Puerto Rico" (Opposition, docket entry 8, at pp. 1–2 (emphasis ours)), no evidence has been submitted showing that Pantropic actually offered, or agreed, to service the engines in the island. Absent such evidence, his claim turns implausible since Pantropic lacked a place of business in Puerto Rico and it necessarily follows that it could not had serviced the engines here.

Personal Jurisdiction (docket entry 6) is hereby GRANTED.[3] Judgment shall be entered by separate order DISMISSING this action for lack of personal jurisdiction over defendant, without prejudice.

SO ORDERED.

### JUDGMENT

For the reasons stated in the Opinion and Order issued on this same date, judgment is hereby entered DISMISSING this action for lack of personal jurisdiction over defendant, without prejudice.

SO ORDERED.

---

**3.** Even if we were to find that we could assert personal jurisdiction over defendant, its alternative argument, *i.e.* that venue should be transferred to Florida, would have carried the day. It is patent that as all work on plaintiff's boat was done in Florida, most of the witnesses, aside from plaintiff, are already located in said state. Plaintiff, in turn, would be hard pressed to allege the inconvenience of said forum, having voluntarily opted to repair his boat there. Not surprisingly, plaintiff has utterly failed to oppose this request for transfer of venue. We, thus, conclude that "the convenience of parties and witnesses, in the interest of justice," would have allowed the transfer of the case to the Southern District of Florida under 28 U.S.C. § 1404(a).